## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

|  |  |
|---|---|
| **v.** | **CRIMINAL NO.   05-10089-PBS** |
| **THOMAS B. ASELTINE,** | |
| **Defendant** | |

## MEMORANDUM OF SENTENCING HEARING
## AND
## REPORT OF STATEMENT OF REASONS

**Saris,  D.J.**

Counsel and the defendant were present for sentencing hearing on  9/21/05.  The Court has considered the factors set forth in 18 U.S.C. §3553(a), including the sentencing guidelines.  The reasons for sentence were stated in open court.

1.(a)    Were all factual statements contained in the Presentence Report (PSR) adopted without objection?

       X   yes        _____   no

(b)    If no to (a) the PSR was adopted in part with the exception of the following factual issues in dispute:

2.    Are any legal issues in dispute?

       _____   yes     X   no

If yes, describe disputed issues and their resolution:

2.(a)    Tentative findings as to advisory guidelines are:

Total Offense Level: _____23_____

Criminal History Category:_____III_____

   60   to    71   months imprisonment

   24   to    36    months supervised release

$   10,000            to  $      100,000           fine

(plus $_____ cost of imprisonment/supervision)

$\underline{\hspace{1em}45,000\hspace{4em}}$    restitution [PAYABLE TO NATIONAL PARK
SERVICE]

$\underline{\hspace{1em}100\hspace{3em}}$    special assessment ($\underline{\hspace{6em}}$ on
each of counts $\underline{\hspace{3em}}$)

   (b)   Are there any legal objections to tentative findings?

$\underline{\hspace{3em}}$ yes    $\underline{\hspace{1em}X\hspace{1em}}$ no

3.(a)   Remarks by counsel for defendant.[1]

$\underline{\hspace{1em}X\hspace{1em}}$ yes    $\underline{\hspace{3em}}$ no

   (b)   Defendant speaks on own behalf.

$\underline{\hspace{1em}X\hspace{1em}}$ yes    $\underline{\hspace{3em}}$ no

   (c)   Remarks by counsel for government.

$\underline{\hspace{1em}X\hspace{1em}}$ yes    $\underline{\hspace{3em}}$ no

4.(a)   The sentence will be imposed as follows:

$\underline{\hspace{3em}84\hspace{3em}}$    months imprisonment [WITH A RECOMMENDATION TO A
FCI WITH A 500 HOUR ALCOHOL PROGRAM OR TO
FT. DEVENS]

$\underline{\hspace{8em}}$    months/intermittent community confinement

$\underline{\hspace{8em}}$    months probation

$\underline{\hspace{3em}36\hspace{3em}}$    months supervised release

$ $\underline{\hspace{2em}10,000\hspace{2em}}$    fine (including cost of imprisonment/supervision)

$ $\underline{\hspace{3em}0\hspace{3em}}$    restitution*

$ $\underline{\hspace{2em}100.00\hspace{2em}}$    special assessment ($\underline{\hspace{6em}}$ on each of
counts $\underline{\hspace{7em}}$)

Other provisions of sentence: (community service, forfeiture, etc.):

- NO MORE THAN 104 ALCOHOL TESTS PER YEAR
- ALCOHOL AND MENTAL HEALTH COUNSELING
- DEFENDANT SHALL PROCURE FULL TIME EMPLOYMENT

- 10 P.M. CURFEW FOR FIRST YEAR
- * PURSUANT TO 18 U.S.C. §3664(d)(5) THE GOVERNMENT SHALL DOCUMENT THE
RESTITUTION AMOUNT SOUGHT WITHIN 30 DAYS.

---

[1] The order of argument and/or recommendation and allocution may be
altered to accord with the Court's practice.

(b)     After imposing sentence, the Court has advised the defendant of the defendant's right to appeal within 10 days of the entry of judgment in accordance with FRCrP 32(a)(2).

5.      Statement of reasons for imposing sentence.
        Check appropriate space.

(a)___  Sentence is within the advisory guideline range

(b) X Sentence departs from the advisory guideline range as a result of:

        ___  substantial cooperation upon motion of the government

OR

        X  a finding that the following (aggravating or mitigating) circumstance exists that is of a kind or degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that this circumstance should result in a sentence different from that described by the guidelines for the following reasons:

     THE GOVERNMENT AND DEFENDANT AGREED TO AN UPWARD DEPARTURE IN THE PLEA AGREEMENT BECAUSE THE MULTIPLE ARSONS CHARGED IN STATE COURT INCREASED THE CRIMINAL HISTORY CATEGORY TO IV.

6.(a) Is the sentence under the advisory sentencing guidelines reasonable in light of the factors set forth in 18 U.S.C. §3553(a)

                    _____ yes    X  no

(b)    If no, why is the guideline sentence unreasonable?

SEE ABOVE.

(c)    Is restitution applicable in this case?

                 X  yes    _____  no

        Is full restitution imposed?

                 X  yes    _____  no

        If no, less than full restitution is imposed for the following reasons:

(d)    Is a fine applicable in this case?

                           X    yes          _____  no

        Is the fine within the guidelines imposed?

                          _____  yes     X    no

        If no, the fine is not within guidelines or no fine is
        imposed for the following reasons:

         X  Defendant is not able, and even with the use
            of a reasonable installment schedule is not
            likely to become able, to pay all or part of
            the required fine; OR

        ____  Imposition of a fine would unduly burden the
            defendant's dependents; OR

         X  Other reasons as follows:

      RESTITUTION IS A HIGHER PRIORITY.


    7.  Was a plea agreement submitted in this case?

                     X    yes          _____  no


    8.    The PSR is adopted as part of the record, either in whole or in
          part as discussed above and is to be maintained by the U.S.
          Probation Department under seal unless required for appeal.

    9.    Judgment will be prepared by the clerk in accordance with above.

    10.   The clerk will provide this Memorandum of Sentencing Hearing And
          Report on Statement of Reasons to the U.S. Probation Department
          for forwarding to the Sentencing Commission, and if the above
          sentence includes a term of imprisonment, to the Bureau of
          Prisons.




_____                    _____S/PATTI B. SARIS_____
     Date                          United States District Judge